### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Government Employees Insurance Company d/b/a GEICO, 5260 Western Avenue Chevy Chase, MD 20815 Montgomery County | * * * | |
| | * | Case No.: |
| Plaintiff, | * | **JURY TRIAL DEMANDED** |
| v. | * | |
| WhitServe LLC, 2009 Summer Street Stamford, CT  06905 | * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Government Employees Insurance Company ("GEICO") for its complaint against defendant WhitServe LLC ("WhitServe"), alleges as follows:

### NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, seeking a declaration that GEICO does not infringe any claim of United States Patent No. 5,895,468 ("the '468 Patent") and United States Patent No. 6,182,078 ("the '078 Patent") (collectively, the "Patents-in-Suit").

### PARTIES

2. Plaintiff GEICO is a Maryland corporation having its principal place of business located at 5260 Western Avenue, Chevy Chase, MD 20815.

3. On information and belief, Defendant WhitServe is a limited liability corporation having a place of business at 2009 Summer Street, Stamford, CT 06905.

## BACKGROUND

### The Patents

4. Upon information and belief, WhitServe owns, by assignment, the '468 Patent, entitled "System automating delivery of professional services." The face of the '468 Patent states that it was filed on October 7, 1996 and issued on April 20, 1999. A true and correct copy of the '468 Patent is attached as **Exhibit A**.

5. Upon information and belief, WhitServe owns, by assignment, the '078 Patent, entitled "System for delivering professional services over the internet." The face of the '078 Patent states that it was filed on December 2, 1999 and issued on January 30, 2001. A true and correct copy of the '078 Patent is attached as **Exhibit B**.

### Licensing and Enforcement Activity in Maryland

6. Computer Packages, Inc. ("CPi") is a Maryland corporation having a place of business at 414 Hungerford Drive, Third Floor, Rockville, Maryland 20850.

7. On November 20, 2006, WhitServe initiated judicial enforcement of the Patents-in-Suit against CPi in the lawsuit captioned *WhitServe LLC v. Computer Packages, Inc.*, Case No. 3:06-cv-01935-AVC (D. Conn.).

8. On June 18, 2010, WhitServe initiated judicial enforcement of the Patents-in-Suit in the District of Maryland against CPi's customers in the lawsuit captioned *WhitServe LLC v. Benesch Friedlander Coplan Aranoff LLP et al.*, Case No. 8:10-cv-01639-RWT (D. Md.).

9. Upon information and belief, WhitServe and CPi entered into a settlement and license agreement in 2014, resolving *WhitServe LLC v. Computer Packages, Inc.*, Case No. 3:06-cv-01935-AVC (D. Conn.) and *WhitServe LLC v. Benesch Friedlander Coplan Aranoff LLP et al.*, Case No. 8:10-cv-01639-RWT (D. Md.).

### Allegations Against GEICO

10. On April 22, 2016, WhitServe, through its attorney, directed a letter to Dana Proulx, General Counsel at GEICO based in GEICO's Chevy Chase, Maryland office, seeking to "introduce" GEICO to the Patents-in-Suit, claiming ownership of them, and offering GEICO a license to them. The letter is attached as **Exhibit C**.

11. In the letter, WhitServe claimed that GEICO infringes the Patents-in-Suit on the basis of "renewal emails" allegedly sent by GEICO to its customers (the "GEICO Accused Technology"). The letter included a claim chart purportedly showing element-by-element infringement of Claim 1 of the '468 Patent by the GEICO Accused Technology.

12. WhitServe further stated that it would be willing to discuss an "appropriate payment" to WhitServe by GEICO, possibly based on the number of customers to whom GEICO allegedly sends "renewal emails." WhitServe explained that "it should be a relatively simple matter to determine where [GEICO] belongs within the range of existing agreements."

13. WhitServe threatened suit against GEICO, emphasizing that the Patents-in-Suit have been "widely licensed and heavily litigated" and warning that "[t]hose companies that have insisted upon litigation have not profited from it." WhitServe underscored that CPi had litigated through trial and appeal and that GoDaddy had already "presented every possible defense to WhitServe's claims of patent infringement" in litigation.

**The GEICO Accused Technology Does Not Infringe**

14. The '468 Patent includes four independent claims—claims 1, 5, 9, and 24. The '078 Patent also includes four independent claims—claims 1, 4, 7, and 9.

15. Independent claims 1, 9, and 24 of the '468 Patent independent claims 1, 7, and 9 of the '078 Patent each require "a database containing a plurality of client reminders."

16. Independent claim 5 of the '468 Patent and independent claim 4 of the '078 Patent each require a "docket database containing a plurality of client reminders."

17. GEICO is not infringing, and has not infringed, the Patents-in-Suit. Among other reasons, GEICO does not infringe any claim of the '468 Patent or the '078 Patent because the GEICO Accused Technology does not include "a database containing a plurality of client reminders," as required by independent claims 1, 9, and 24 of the '468 Patent and independent claims 1, 7, and 9 of the '078 Patent. Nor does the GEICO Accused Technology include "a docket database containing a plurality of client reminders" as required by independent claim 5 of the '468 Patent and independent claim 4 of the '078 Patent. Because the GEICO Accused Technology does not meet at least one limitation of each of the independent claims, the GEICO Accused Technology cannot infringe any claim of the Patents-in-Suit.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. There is a justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between GEICO and WhitServe regarding whether the '468 Patent and the '078 Patent are infringed.

19. Jurisdiction over this action also arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338.

20. This Court has personal jurisdiction over the defendant because WhitServe has sent a letter threatening suit for patent infringement against GEICO, a Maryland corporation, and previously initiated judicial enforcement of the Patents-in-Suit within this forum, in particular the lawsuit *WhitServe LLC v. Benesch Friedlander Coplan Aranoff LLP et al.*, Case No. 8:10-cv-01639-RWT (D. Md.).  Alternatively or additionally, this Court has personal jurisdiction over defendant WhitServe pursuant to Maryland Courts & Judicial Proceedings Article § 6-103, in that, upon information and belief, WhitServe purposefully transacts business within Maryland, including its licensing activities with CPi, a Maryland corporation.

21. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events giving rise of one or more claims occurred in this judicial district.

22. WhitServe contends that GEICO infringes the Patents-in-Suit.  GEICO denies such infringement.  Thus, there is a substantial controversy between the parties, having adverse legal interests, and of sufficient immediacy and reality, to warrant the issuance of a declaratory judgment.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,895,468)**

23. GEICO repeats and re-alleges each allegation above as if fully set forth herein.

24. WhitServe purports to be the owner and assignee of all right, title and interest in and to the '468 Patent.

25. WhitServe contends that one or more of the claims of the '468 Patent, including Claim 1, is infringed by GEICO.

26. GEICO is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any claim of the '468 Patent.

27. WhitServe has created an immediate, real and justiciable controversy between GEICO, on the one hand, and WhitServe, on the other hand, with respect to the alleged infringement of the '468 Patent.

28. A judicial declaration is necessary and appropriate so that WhitServe and GEICO may ascertain their respective rights regarding the '468 Patent.

29. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* GEICO is entitled to a declaration that GEICO does not infringe any claim of the '468 Patent.

### SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,182,078)**

30. GEICO repeats and re-alleges each allegation above as if fully set forth herein.

31. WhitServe purports to be the owner and assignee of all right, title and interest in and to the '078 Patent.

32. WhitServe contends that one or more of the claims of the '078 Patent is infringed by GEICO.

33. GEICO is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any claim of the '078 Patent.

34. WhitServe has created an immediate, real and justiciable controversy between GEICO, on the one hand, and WhitServe, on the other hand, with respect to the alleged infringement of the '078 Patent.

35. A judicial declaration is necessary and appropriate so that WhitServe and GEICO may ascertain their respective rights regarding the '078 Patent.

36. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* GEICO is entitled to a declaration that GEICO does not infringe any claim of the '078 Patent.

## RELIEF REQUESTED

WHEREFORE, Plaintiff GEICO respectfully requests the following relief:

A.      That the Court find and declare that GEICO has not infringed and does not infringe in any manner any claim of the Patents-in-Suit;

B.      That the Court find and declare this to be an exceptional case under 35 U.S.C. § 285, and that the Court award GEICO its reasonable attorneys' fees;

C.      That the Court award to GEICO its costs and expenses associated with this case, together with interest; and

D.      That the Court award to GEICO such further relief, in law or in equity, as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, GEICO respectfully demands a trial by jury on all issues so triable.

Dated: May 24, 2016

Respectfully submitted,

/s/ *Jessica N. Bratten*
Matthew J. Moore (*pro hac vice* pending)
matthew.moore@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
T: (202) 637-2200; F: (202) 637-2201

Lisa K. Nguyen (*pro hac vice* pending)
lisa.nguyen@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
T: (650) 328-4600; F: (650) 463-2600

Jessica N. Bratten (Bar No. 19099)
jessica.bratten@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004-1304
T: (202) 637-2200; F: (202) 637-2201

*Attorneys for Plaintiff Government Employees Insurance Company*