**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| GOVERNMENT EMPLOYEES<br>  INSURANCE COMPANY<br>  d/b/a/ GEICO,<br><br>    Plaintiff,<br><br>v.<br><br>WHITSERVE LLC,<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*   Case No.: PWG-16-1622<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In an April 22, 2016 letter addressed to Plaintiff Government Employees Insurance Company ("GEICO")'s General Counsel, Dana Proulx, Defendant WhitServe LLC ("WhitServe") accused GEICO of infringing two of its patents by sending automated emails to customers inviting them to renew their insurance policies. Letter from Daniel R. Ferri, Niro Law, to Dana Proulx, General Counsel, GEICO Corp. 1 & attach. (Apr. 22, 2016), Compl. Ex. C., ECF No. 1-3.[1]  WhitServe offered to license the patents at issue to GEICO. *Id.* at 1–2.

---

[1] WhitServe actually addressed the letter to GEICO Corporation, a Delaware corporation and holding company for GEICO proper, and sent the letter to a GEICO P.O. Box in Washington, D.C. *Id.* at 1. GEICO argues that these facts are irrelevant to the jurisdictional analysis because the P.O. Box address is just a mailing address maintained by GEICO proper (i.e. not GEICO Corporation), not GEICO Corporation's corporate headquarters, and because "GEICO's website makes clear, immediately before providing the D.C. mailing address, that GEICO's **"Corporate Headquarters"** is in Maryland." Pl.'s Opp'n 1, ECF No. 24.  GEICO also argues that even though the letter was addressed to GEICO Corporation, "it was *substantively* directed at individuals and activities located in Maryland" because GEICO proper committed the acts and owns the technology that allegedly infringed WhitServe's patents. *Id.* at 1–2.  For the purposes

Rather than respond to the letter, GEICO filed a Complaint in this Court seeking a declaratory judgment that it had not infringed WhitServe's patents. Compl. ¶¶ 28–29, 35–36. WhitServe filed the instant Motion to Dismiss, in which it argues that this Court lacks personal jurisdiction over the company. ECF No. 19. The Motion is fully briefed. Def.'s Mem., ECF No. 19-1; Pl.'s Opp'n, ECF No. 24; Def.'s Reply, ECF No. 25. Because I find that WhitServe has not engaged in any activities covered by Maryland's long-arm statute, the Court lacks personal jurisdiction, and I will therefore grant WhitServe's Motion.

## Standard of Review

When a defendant challenges this Court's personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the jurisdictional question "is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Fyfe Co., LLC v. Structural Grp., LLC*, No. CCB-13-176, 2013 WL 2370497, at *2 (D. Md. May 30, 2012) (quoting *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)). If the Court considers the operative Complaint and the parties' briefings but does not conduct an evidentiary hearing, then "the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989)); *see also Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009)). This is the approach I will take. I "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Fyfe*, 2013 WL 2370497, at *2 (quoting *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993) (citation and quotation marks omitted));

---

of deciding this Motion, I will assume that WhitServe directed its letter to the Maryland corporation.

*see also Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004). Yet, I "need not 'credit conclusory allegations or draw farfetched inferences.' " *Tharp v. Colao*, No. WDQ-11-3202, 2012 WL 1999484, at *1 (D. Md. June 1, 2012) (quoting *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99–2440, 2000 WL 691100, at *1 (4th Cir. May 30, 2000)).

## Discussion

Under Fed. R. Civ. P. 4(k)(1)(A), a federal court may exercise personal jurisdiction over a nonresident defendant such as WhitServe if (1) doing so comports with the Fourteenth Amendment's due process requirements; and (2) jurisdiction is authorized by the forum state's long-arm statute. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Maryland's long-arm statute authorizes the exercise of personal jurisdiction over a corporate defendant that is neither served in Maryland nor organized under its laws and that does not maintain its principal place of business in Maryland, if the corporation:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply goods, food, services, or manufactured products in the State;

(3) Causes tortious injury in the State by an act or omission in the State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

(5) Has an interest in, uses, or possesses real property in the State; or

(6) Contracts to insure . . . any person, property, risk, contract . . . located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code Ann., Cts. & Jud. Proc. § 6–103(b); *see also id.* 6-103(a); *Tawney v. AC & R Insulation Co.*, No. WDQ-13-1194, 2013 WL 5887625, at *2 (D. Md. Oct.30, 2013); *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 699 (D. Md. 2012).

      Maryland courts have provided somewhat confusing guidance on the degree to which Maryland's long-arm statute approaches the jurisdictional ceiling set by the Due Process Clause. On the one hand, Maryland courts have held that the long-arm statute "is coextensive with the limits of personal jurisdiction set by the due process clause of the Federal Constitution," meaning that the statutory inquiry "merges with [the] constitutional examination." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (quoting *Beyond Sys., Inc. v. Realtime Gaming Holding Co., LLC*, 878 A.2d 567 (Md. 2005)). On the other hand, Maryland courts also have cautioned that this overlap does not permit courts to "dispense with analysis under the long-arm statute," *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006), and this Court has noted that "there may be cases where personal jurisdiction is proper under constitutional due process but not under Maryland's long-arm statute," *Sigalia v. ABR of VA, Inc.*, 145 F. Supp. 3d 486, 490 (D. Md. 2015). The courts have harmonized these apparently contradictory holdings by clarifying that each individual prong of the long-arm statute should be interpreted "to the limits permitted by the Due Process Clause when [courts] can do so consistently with the canons of statutory construction." *Mackey*, 892 A.2d at 493 n.6; *see also Joseph M. Coleman & Assocs., Ltd. v. Colonial Metals*, 887 F. Supp. 116, 118 (D. Md. 1995) ("[T]o the extent a defendant's activities are covered by the statutory language, the reach of the statute extends to the outermost boundaries of the due process clause."). Accordingly, the personal-jurisdiction analysis properly begins with the long-arm statute. And because WhitServe's activities do not fall within the section of Maryland's long-arm statute relied on by GEICO, the analysis ends there as well.

GEICO argues that this Court may exercise personal jurisdiction over WhitServe because the company " 'transact[ed] . . . business' in Maryland" when the it sent a letter to GEICO notifying the company of its alleged patent infringement. Pl's Opp'n 6 (quoting Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1)). This Court has previously held that a "defendant does not 'transact business' within the meaning of section 6-103(b)(1) of Maryland's long-arm statute by sending written communications to a purported infringer of its rights." *Music Makers Holdings, LLC v. Sarro*, RWT-09-1836, 2010 WL 2807805, at *6 (D. Md. July 15, 2010). And in a recent trademark declaratory judgement action, Judge Frederick Motz held that a nonresident corporation could not be haled into this Court based solely on its transmission of cease-and-desist letters to a Maryland corporation. *Mike's Train House, Inc. v. Metro. Transp. Auth.*, No. JFM-16-2031, 2016 WL 6652712, at *1, *5 (D. Md. Nov. 9, 2016) (citing *Music Makers*, 2010 WL 2807805, at *6).

Personal jurisdiction is lacking here for the same reason. GEICO argues that WhitServe transacted business in Maryland when it sent its letter to GEICO. Pl.'s Opp'n 6. But as previously discussed, this Court has rejected the notion that letters accusing an entity of infringing intellectual-property rights amounts to transaction of business under § 6-103(b)(1). *Mike's Train House*, 2016 WL 6652712, at *5; *Music Makers*, 2010 WL 2807805, at *6. GEICO cites two cases in support of its jurisdictional argument, both of which are inapposite. *Id.* at 6–7. While *CoStar Realty Info., Inc.*, 612 F. Supp. 2d 660 (D. Md. 2009) noted that "purposeful activity" sufficient to satisfy § 6-103(b)(1) "may be shown by a nonresident defendant initiating contact with the forum state" such as by sending mail, the Court in that case found the long-arm statute satisfied because the parties' contacts established an implied contract, and CoStar, one of the parties to that contract, was a Maryland-based entity, *id.* at 671–72. Here,

WhitServe's communications with GEICO established no such business relationship, and the communication was entirely one-sided.  In *McLaughlin v. Copeland*, 435 F. Supp. 513 (D. Md. 1977), this Court held that negotiations to settle a lawsuit, even if unsuccessful, can constitute the transaction of business for the purposes of § 6-103(b)(1), *id.* at 524.  But the negotiations that took place in Maryland and that supported the Court's exercise of personal jurisdiction in that case concerned efforts by the parties to settle separate bankruptcy litigation pending in Delaware, not the tort claim before the Court, and the Maryland negotiations occurred before the plaintiff initiated the lawsuit.  *Id.* at 518.  Here, the parties engaged in no negotiations before GEICO initiated its suit, and the post-filing negotiations have concerned only the instant case.  *See* Pl.'s Opp'n 14 (indicating that negotiations "to resolve the matter without litigation" occurred on May 26 and June 1 and 13, 2016, after GEICO filed its complaint on May 24).  It simply cannot be that post-filing efforts to settle a case create personal jurisdiction.[2]

## Conclusion

WhitServe engaged in no activity that amounts to transaction of business for the purpose of § 6-103(b)(1) either by sending a letter accusing GEICO of patent infringement or by discussing settlement of the case with GEICO after the company filed suit.  Accordingly, the

---

[2] GEICO cites *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) for the proposition that courts may "freely consider acts ***after*** the filing of a complaint in determining whether personal jurisdiction exists."  Pl.'s Opp'n 10.  In *Beverly Hills*, a corporation filed suit in the Eastern District of Virginia alleging that the defendant was selling infringing fans in the state. When the defendant filed a motion to dismiss on jurisdictional grounds, the plaintiff retained a personal investigator to purchase one of the allegedly infringing fans in Virginia.  21 F.3d at 1560.  Even though the investigator purchased the fan after the plaintiff filed suit, the court deemed the investigator's declaration relevant evidence that the defendant was doing business in Virginia.  *Id.* at 1563.  Here, GEICO does not furnish similar post-filing evidence from which it can be inferred that WhitServe was engaged in ongoing business in Maryland.  Rather, it attempts to argue that personal jurisdiction can be established based solely on post-filing negotiations meant to avoid the litigation.  *Bevery Hills* provides no support for GEICO's argument.

Court cannot exercise personal jurisdiction over WhitServe, and case must be dismissed. I will therefore grant WhitServe's Motion to Dismiss.

A separate order follows.


Dated: March 7, 2017                                    /S/
                                                Paul W. Grimm
                                                United States District Judge

jlb